UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

    Plaintiff,                            CASE NO: 23-

v.                                          JUDGE

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, a Domestic Nonprofit
Corporation, ADAM HARTLEY, individually
and in his official capacity as Superintendent,
and WINSTON STOODY, individually and
in his official capacity as Executive Director,

    Defendants.
_____

TOM R. PABST (P27872)
Representing Plaintiff
2503 S. Linden Road
Flint, MI  48532
(810) 732-6792
_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.  I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## **COMPLAINT<br>AND<br>JURY DEMAND**

NOW COMES Tom R. Pabst, representing Kelly Rodgers, Plaintiff, and shows unto this Honorable Court as follows:

## JURISDICTION, VENUE AND PARTIES

(1) That this is a civil action brought pursuant to 42 USC §1983, seeking declaratory and injunctive relief and money damages against Defendants for purposeful discrimination and/or retaliation under "color of law", in violation of the First Amendment and the Fourteenth Amendment to the United States Constitution.

(2) That this Court has jurisdiction pursuant to 28 USC §1331, and 1343(a). Jurisdiction for the declaratory relief sought is also premised upon 28 USC § 2201 and 2202. Venue lies in the Eastern District of Michigan pursuant to USC§1391(b).

(3) This civil action also asserts state law claims that this court has the power to hear and decide pursuant to 28 USC §1367, and *United Mine Workers v Gibbs* 383 US 715 (1966).

(4) That at all times pertinent hereto, Kelly Rodgers, Plaintiff, was/is a United States Citizen and resident of Genesee County, Michigan, and an employee of Defendant Gearup2lead.

(5) That at all times pertinent hereto, Defendant, Gearup2lead (hereinafter "Defendant Gearup") was, upon information and belief a nonprofit Michigan Corporation, securing and providing African-American, poor and disadvantaged school-aged kids to go to Defendant Gearup Academy, an alternative high school program for at-risk youth that is operated through Defendant, Fenton Area Public Schools. Defendant, Winston Stoody, was the Executive Director of Defendant, Gearup2lead.

(6) That at all times pertinent hereto, Defendant, Fenton Area Public Schools (hereinafter "Defendant School"), was a school organized under the laws of the State of Michigan providing educational services to local kids, including specifically, the African-American, poor and disadvantaged kids provided to Defendant School by Defendant Gearup, and was located in Genesee County, Michigan.

(7) That at all times pertinent hereto, Defendant, Winston Stoody (hereinafter "Defendant Stoody"), who is being sued in his individual and official

2

capacity, was acting under color of law as the Executive Director of Defendant Gearup, and was a confederate and co-conspirator with Defendant, Adam Hartley, in some type of symbiotic relationship well know to said Defendants, but currently unknown definitely to Kelly Rodgers, Plaintiff.  Defendant Stoody was the supervisor of Kelly Rodgers, Plaintiff.

(8)     That at all times pertinent hereto, Defendant, Adam Hartley (hereinafter "Defendant Hartley"), who is being sued in his individual and official capacity, was acting under color of law as a Superintendent of Defendant School, and was the supervisor, exercising supervisory power and control over Kelly Rodgers, Plaintiff, and was a confederate and co-conspirator with Defendant Stoody, in some type of symbiotic relationship well know to said Defendants, but currently unknown definitely to Kelly Rodgers, Plaintiff.

(9)     That the events giving rise to these causes of action occurred in the Eastern District of Michigan.

## COMMON ALLEGATIONS

(10)    That we repeat paragraphs 1-9.

(11)    That Kelly Rodgers, Plaintiff, had been employed by Defendant Gearup since 2016.

(12)    That Kelly Rodgers, Plaintiff, performed her job duties and job functions for approximately six years in a manner that was very satisfactory to Defendants herein, or better!

(13)    That Defendant Stoody, as Executive Director of Defendant Gearup, was the top of the chain of command for reporting for Kelly Rodgers, Plaintiff.

(14)    That, in fact, Defendant Stoody on one occasion specifically admonished and warned Kelly Rodgers, Plaintiff, not to go outside the chain of command to anyone else, including specifically, but not limited to, Defendant Hartley, explaining that Defendant Stoody was the one Kelly Rodgers, Plaintiff, should report to, not Defendant Hartley.

(15)    That on at least one occasion during a meeting involving Defendant Hartley, Superintendent of Defendant School, Kelly Rodgers, Plaintiff, reported and complained to Defendant Hartley and Defendant Stoody –

(a) That there was "blatant fraud" happening in the operation of Defendant Gearup Academy involving the placement of African-American, poor and disadvantaged at Defendant School;

(b) That important guidelines and rules were NOT being followed and abided by in the operation of Defendant Gearup Academy, in the placement of the aforesaid disadvantaged children;

(c) That the African-American, poor and disadvantaged kids were being "set up to fail" and basically used as puppets and pawns just to generate money for Defendant Gearup and Defendant School;

(d) That taxpayer money was being misused and wasted in the operation of Defendant Gearup Academy;

(e) That the African-American, poor and disadvantaged kids being directed to Defendant Gearup were NOT being taught by a certified professional as required by law, thereby sabotaging any hope these disadvantaged children had of getting the quality education they were promised.

Defendants knew all these things were true because Kelly Rodgers, Plaintiff, reported them to Defendants, but Defendants did nothing because they wanted the grant money and/or taxpayer money they received for placing the disadvantaged children in Defendant School, even if they were not being given the education they were promised. Defendants thus acted in "bad faith" at all times pertinent hereto.

(16) That Defendants herein also acted unlawfully by forcing Kelly Rodgers, Plaintiff, out of her job for reporting/complaining about the deficiencies set forth hereinabove.

(17) That as a direct and proximate result of Defendants' unlawful and unconstitutional misconduct towards Kelly Rodgers, Plaintiff, Mrs. Rodgers was caused to suffer and sustain the following injuries and damages, amongst others:

(a) Loss of her job;

4

  (b) Loss of income and benefits, past and future;

  (c) Loss of professional esteem and reputation;

  (d) Emotional distress and mental anguish, past and future;

  (e) Pain and suffering, past and future;

  (f) Outrage and deep humiliation, past and future;

  (g) Injury to her feelings;

  (h) Humiliation and embarrassment, past and future;

  (i) Depression and anxiety, past and future;

  (j) Whatever attorney fees are recoverable by law; and

  (k) Punitive damages against three of the Defendants herein based on their egregious misconduct.

Because the conduct of three of the Defendants herein was malicious and/or reckless and/or wanton and/or oppressive to Plaintiff's rights, Plaintiff is also entitled to recover <u>punitive</u> damages from these individual Defendants.

 (18) That the Defendants herein acted in concert with one another, and aided and abetted one another in accomplishing the actions and consequences set forth herein.

 (19) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own <u>personal</u> reasons.

 (20) That the damages attributable to the aforesaid injuries and losses far exceed One Hundred Thousand ($100,000) Dollars.

## COUNT I – FIRST AMENDMENT VIOLATIONS

 (21) Plaintiff repeats paragraphs 1-20.

(22) That Defendants herein owed Plaintiff a Constitutional duty not to purposefully interfere with Plaintiff's federally protected rights under the United States Constitution.

(23) That Plaintiff herein -

(a) Was engaged in protected activity under the First Amendment when she raised and/or disclosed matters of "public concern," including, but not limited to:

(i) Misuse and misallocation of taxpayer money and/or grant money;

(ii) Race discrimination by sabotaging African-American kids' ability to obtain the quality education they were promised because of willful neglect and deliberate refusal to abide by the rules promulgated to protect the African-American kids;

(b) Was retaliated against and/or punished by Defendants herein in such a way that it would chill an ordinarily firm victim, such as Plaintiff, from raising the aforesaid matters of public concern.

There was/is a causal connection between sub(a) and sub(b) hereinabove.

(24) That when Defendants breached the aforesaid Constitutional duties and violated Plaintiff rights, that misconduct was/is attributed to Defendant Employers under the attribution rule established by *Pembaur v. City of Cincinnati*, 475 US 469 (1986).

(25) That Kelly Rodgers, Plaintiff, was "engaged in protected activity" under the First Amendment when she reported/complained to a public officer outside her chain of command, according to the case of *Handy-Clay v. City of Memphis,* 695 F.3d 531 (6th Cir. 2012), all as set forth in paragraph 15, which by this reference is incorporated herein.

(26) That according to our own Sixth Circuit Court of Appeals, public interest and public concern is near its *zenith* when the matters of public concern are about and/or involve –

> "Speech touching on public concern includes speech on 'any matter of political, social, or other concern to the community.' *Connick*, 461 U.S. at 146; *Westmoreland*, 662 F.3d at 78.
>
>       \*    \*    \*
>
> …the Supreme Court, in citing examples of speech that would involve matters of public concern, has specifically identified statements seeking to 'bring to light actual or potential wrongdoing or breach of public trust.' *Connick*, 461 U.S. at 148. The Court reiterated this proposition recently in *Garcetti*(!), noting that '[e]xposing governmental inefficiency and misconduct is a matter of considerable significance.' 547 U.S. at 425. In the wake of Garcetti, we likewise have determined that 'statements exposing possible corruption…are exactly the type of statements that demand strong First Amendment protections.' *See v. City of Elyria,* 502 F.3d 484, 493 (6th Cir. 2007) (citations omitted); see also *Whitney v. City of Milan,* 677 F.3d 292, 297 (6th Cir. 2012) ('Allegations of public corruption **and discrimination** are, therefore, inherently of public concern.'). In fact, we have gone so far as to say that 'public interest is near its zenith when ensuring that public organizations are being operated in accordance with the law, **when exposing graft and corruption, and when seeing that public funds are not purloined or wasted**.' *Chappel v. Montgomery County Fire Prot. Dist. No. 1,* 131 F.3d 564, 576 (6th Cir. 1997) (alterations, citations, and internal quotation marks omitted)." Emphasis and amplification added.

(27) That at all times pertinent hereto, Defendants herein agreed to and had a policy, or policies, rule(s), custom(s) and/or practice(s):

    (a)    To retaliate against an employee for going outside or above the chain of command to exercise Constitutional right(s); and

    (b)    To discharge an employee, including an employee such as Kelly Rodgers, Plaintiff, when exercising Constitutional right(s) without any investigation into facts proffered by or on behalf of the employee that would exonerate the employee; and

    (c)    To ratify, acquiesce and approve the conduct of other Defendants herein whom they knew were engaged in unlawful activity by acts including, but not limited to, getting and/or influencing the loss of Plaintiff's job.

(28) That the Defendants herein acted in concert with one another, and aided and abetted one another in accomplishing the actions and consequences set forth herein.

(29) That upon information and belief, the individual Defendants herein did what they did, in part at least, for their own <u>personal</u> reasons.

(30) That as a direct and proximate result of Defendants aforesaid unconstitutional misconduct, Plaintiff herein suffered the injuries and damages as set forth hereinabove. Because the conduct of the individual Defendants herein was malicious and/or reckless and/or wanton and/or oppressive to Plaintiff's rights, Plaintiff is also entitled to recover <u>punitive</u> damages from these individual Defendants.

(31) That the damages attributable to the aforesaid injuries and losses far exceed One Hundred Thousand ($100,000) Dollars.

## C<small>OUNT</small> II – ELCRA R<small>ACE</small> D<small>ISCRIMINATION</small>

(32) That we repeat paragraphs 1-31.

(33) That we have another civil rights law in Michigan which prohibits discrimination and/or denial of equal enjoyment of public services and/or places of public accommodation because of race or age. See MCLA 37.2301 and 2302.

(34) That Kelly Rodgers, Plaintiff, engaged in protected activity by opposing what Defendants did, and/or any efforts to cover up what Defendants did, and are still doing, by –

8

 (a) Reporting Defendants' misconduct to public bodies, for example, but not limited to, as set forth hereinabove in paragraph 15, which by this reference is incorporated herein;

 (b) Participating as requested in answering questions during various investigations by public bodies concerning the misconduct of Defendants herein;

 (c) Reporting and complaining about Defendant Stoody calling his black and white assistants by their race, which created a hostile work environment that Kelly Rodgers, Plaintiff, complained about but Defendant Stoody continued to create, laugh about, and enjoy.

(35) That the aforesaid ELCRA law, being MCLA 37.2701, makes it unlawful for any person to –

 (a) Enter into a conspiracy against someone like Plaintiff;

 (b) Retaliate or discriminate against a person because the person has opposed a violation of this Act or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding or hearing under this Act;

 (c) Attempt, directly or indirectly, to commit an act prohibited by this Act;

 (d) Aid, abet, **incite**, compel, or coerce a person to engage in violation of this Act;

 (e) Willfully interfere with the performance of a duty or the exercise of a power by the commission of one or more of its members or authorized representatives;

 (f) Willfully obstruct or prevent a person from complying with this Act or an order issued or rule promulgated under this Act;

  (g) Coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of, his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this Act.

See MCLA 37.2701.

  (36) That Defendants herein did retaliate against and/or discriminate against and/or harass Kelly Rodgers, Plaintiff, for having engaged in protected activity within the meaning of the aforesaid ELCRA law, which conduct included, but was not limited to, the following –

  (a) Firing Plaintiff for reporting;

  (b) Wrongfully suspending Plaintiff;

  (c) Wrongfully disciplining Plaintiff;

  (d) Threatening Plaintiff;

  (e) Exhibiting anger toward Plaintiff when before there was professionalism, and/or at the very least civility;

  (f) Increasing scrutiny of work activities of Plaintiff;

  (g) Making Plaintiff's work lives hellish because she did the right thing.

  (37) That as a direct and proximate result of Defendants' unlawful conduct identified above, Kelly Rodgers, Plaintiff, suffered the following injuries and damages, amongst others:

  (a) Loss of her job;

  (b) Lost wages, past and future;

  (c) Loss of earning capacity;

(d) Emotional distress and mental anguish, past and future;

(e) Injury to her feelings, including extreme embarrassment and humiliation, past and future;

(f) Damage to her reputation, past and future;

(g) Outrage;

(h) Damages from harassment and adverse employment actions, such as suspensions, discipline, and increased scrutiny;

(i) Incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

(j) Other injuries and damages, the exact nature and extent of which are not now known.

(38) That upon information and belief, Defendants herein acted in concert with one another, and in fact aided and abetted one another, and ratified one another's conduct, in retaliating against Kelly Rodgers, Plaintiff, by forcing her out of his job for their own various _personal_ purposes.

(39) That Defendants are directly and/or vicariously liable for the acts and/or omissions and/or misrepresentations and/or misconduct committed by persons who were then and there agents and/or employees and/or officers of theirs, and acting within the course and scope of said employment and/or agency by reason of the facts hereinabove stated or otherwise known to Defendants herein; or acting in such a way as to bind Defendants pursuant to the Restatement Second Agency, Section 219 (1 & 2).

(40) That the damages attributable to the aforesaid injuries far exceed One Hundred Thousand ($100,000.00) Dollars.

## COUNT III – MICHIGAN CONSTITUTION VIOLATION

(41) That we repeat paragraphs 1-40.

(42) That the Constitution of the State of Michigan of 1963, in particular buy not by way of limitation, Article 1, §17, specifically provides:

> **"§17. Self-incrimination; due process of law; fair treatment at investigations**
>
> Sex. 17. No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law. **The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed**." Emphasis added.

See Constitution of the State of Michigan of 1963, Article 1, §17, under the further heading of "Declaration of Rights".

(43) That Defendants, by and through their agents/servants/employees, including the individual Defendants, violated the aforesaid rights of Kelly Rodgers, Plaintiff, to "fair and just treatment" in investigations, especially, but not limited to, the investigation Defendant Hartley conducted.

(44) That as a direct and proximate result of Defendants' aforesaid violation of the Public Policy of the State of Michigan as set forth above in Michigan's Constitution, Kelly Rodgers, Plaintiff, suffered the following damages:

    (a) Loss of her job;

    (b) Lost wages, past and future;

    (c) Loss of earning capacity;

    (d) Emotional distress and mental anguish, past and future;

    (e)    Injury to her feelings, including extreme embarrassment and humiliation, past and future;

    (f)    Damage to her reputation, past and future;

    (g)    Outrage;

    (h)    Damages from harassment and adverse employment actions, such as suspensions, discipline, and increased scrutiny;

    (i)    Incurrence of actual attorney's fees and costs for having to enforce her legal rights and vindicate herself for the wrongful misconduct of Defendants herein; and

    (j)    Other injuries and damages, the exact nature and extent of which are not now known.

(45)    That Defendants herein are directly and/or vicariously liable for the acts and/or omissions and/or misrepresentations and/or misconduct committed by persons who were then and there agents and/or employees and/or officers of Defendants herein, and acting within the course and scope of said employment and/or agency by reason of the facts hereinabove stated or otherwise known to Defendants herein; or acting in such a way as to bind Defendants herein pursuant to the Restatement Second Agency, Section 219 (1 & 2).

(46)    That upon information and belief, Defendants herein, including their agents/servants/employees, acted in concert with one another, and in fact aided and abetted one another, in retaliating against/punishing Kelly Rodgers, Plaintiff, for their own various <u>personal</u> purposes.

(47)    That Defendants are not entitled to tort governmental immunity under the law of Michigan, or any other type of immunity, as this claim is based on Defendants' violation of the Constitution of the State of Michigan and/or the legal standards in *Odom v. Wayne County*, 482 Mich. 459 (2008), because Defendants acted with subjective "bad faith."

WHEREFORE, Kelly Rodgers, Plaintiff, respectfully requests that this Court enter judgment against Defendants as follows:

<u>Legal Relief</u> –

(a) A Judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

(b) Compensatory damages for emotional distress and mental anguish in whatever amount she is found to be entitled;

(c) Punitive and exemplary damages against three of the Defendants commensurate with the wrongs done and Defendants' ability to pay;

(d) An award of interest, costs, and reasonable attorney fees.

<u>Equitable Relief</u> –

(a) Declaratory and whatever other equitable relief appears appropriate to this Court;

(b) An award of interest, costs, and reasonable attorney fees;

(c) An accounting to ascertain the total amount of money Defendants received each and every year, and kept, which they were *not* entitled to, in that they adopted a plan to deliberately cheat the taxpayers and/or the grantors out of money by enrolling kids that shouldn't have been enrolled, and in teaching them in ways they shouldn't have been taught, without certified professionals;

(d) Injunctive relief that would require Defendants to notify the parents and all the students that they may have been cheated out of educational money

because Defendants received the money and kept it for their own purposes, in violation of the very rules set up to protect the children.

Respectfully submitted,

12/7/23     s/TOM R. PABST_____
Dated     TOM R. PABST (P27872)
    Representing Plaintiff

## JURY DEMAND

Kelly Rodgers, Plaintiff, hereby demands a trial by jury.

Respectfully submitted,

12/7/23     s/TOM R. PABST_____
Dated     TOM R. PABST (P27872)
    Representing Plaintiff