UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

              Plaintiff,                     Judge Gershwin Drain
                                          Magistrate Judge Curtis Ivy, Jr.
v                                      No. 23-13110

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, ADAM HARTLEY
and WINSTON STOODY,

              Defendants.
_____/

| | |
|---|---|
| TOM R. PABST (P27872) | TIMOTHY J. MULLINS (P28021) |
| TOM R. PABST, P.C. | GIARMARCO, MULLINS & HORTON, P.C. |
| *Attorney for Plaintiff* | *Attorney for Defendants, Fenton Area Public* |
| 2503 South Linden Road, Suite 185 | *Schools and Adam Hartley* |
| Flint, MI 48532 | 101 W. Big Beaver Road, 10th Floor |
| (810) 732-6792 | Troy, MI 48084-5280 |
| tom@tomrpabstpc.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| KAILEN C. PIPER (P82865) | |
| O'NEILL, WALLACE, & DOYLE, P.C. | |
| *Attorney for Defendants Gearup2lead,* | |
| *Hartley and Stoody* | |
| 300 St. Andrews Road, Suite 302 | |
| Saginaw, MI 48638 | |
| (989) 790-0960 | |
| kpiper@owdpc.com | |

## __ANSWER__

      Defendants, FENTON AREA PUBLIC SCHOOLS and ADAM HARTLEY,

by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state

their answer to Plaintiff's Complaint as follows:

## JURISDICTION, VENUE AND PARTIES

1.     In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

2.     In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

3.     In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

4.     In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs. Defendants affirmatively deny that Plaintiff was in any way ever an employee of Fenton Area Public Schools.

5.     In answer to paragraph 5, Defendants deny the allegations contained therein for the reason that they are untrue.

6.     In answer to paragraph 6, Defendants deny the allegations contained

therein for the reason that they are untrue. Defendants affirmatively aver that Fenton Area Public Schools is a Michigan Public School District performing a governmental function in Genesee County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein.

7.      In answer to paragraph 7, Defendants deny the allegations contained therein for the reason that they are untrue.

8.      In answer to paragraph 8, Defendants deny the allegations contained therein for the reason that they are untrue.

9.      In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## COMMON ALLEGATIONS

10.     In answer to paragraph 10, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 9 inclusive, as if fully set forth herein.

11.     In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

12.     In answer to paragraph 12, Defendants, Fenton Area Public Schools, its

3

administrators and employees, deny said allegations for the reason that they are untrue. Said Defendants affirmatively aver that Plaintiff was never an employee of Fenton Area Public Schools. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

13.     In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

14.     In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

15.     In answer to paragraph 15(a-e), Defendants deny the allegations contained therein for the reason that they are untrue.

16.     In answer to paragraph 16, Defendants deny the allegations contained therein for the reason that they are untrue. Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

17.     In answer to paragraph 17(a-k), Defendants deny the allegations contained therein for the reason that they are untrue.

18.     In answer to paragraph 18, Defendants deny the allegations contained

therein for the reason that they are untrue.

19.    In answer to paragraph 19, Defendants deny the allegations contained therein for the reason that they are untrue.

20.    In answer to paragraph 20, Defendants deny the allegations contained therein for the reason that they are untrue.

## <u>COUNT I – FIRST AMENDMENT VIOLATIONS</u>

21.    In answer to paragraph 21, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.    In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

23.    In answer to paragraph 23(a-b), Defendants deny the allegations contained therein for the reason that they are untrue.

24.    In answer to paragraph 24, Defendants deny the allegations contained therein for the reason that they are untrue.

25.    In answer to paragraph 25, Defendants deny the allegations contained therein for the reason that they are untrue.

26.    In answer to paragraph 26, Defendants neither admit nor deny the

allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

27.     In answer to paragraph 27(a-c), Defendants deny the allegations contained therein for the reason that they are untrue.

28.     In answer to paragraph 28, Defendants deny the allegations contained therein for the reason that they are untrue.

29.     In answer to paragraph 29, Defendants deny the allegations contained therein for the reason that they are untrue.

30.     In answer to paragraph 30, Defendants deny the allegations contained therein for the reason that they are untrue.

31.     In answer to paragraph 31, Defendants deny the allegations contained therein for the reason that they are untrue.

## <u>COUNT II – ELCRA RACE DISCRIMINATION</u>

32.     In answer to paragraph 32, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon

with a final determination to be made by the Court.

34.    In answer to paragraph 34(a-c), Defendants deny the allegations contained therein for the reason that they are untrue.

35.    In answer to paragraph 35(a-g), Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

36.    In answer to paragraph 36(a-g), Defendants deny the allegations contained therein for the reason that they are untrue.

37.    In answer to paragraph 37(a-j), Defendants deny the allegations contained therein for the reason that they are untrue.

38.    In answer to paragraph 38, Defendants deny the allegations contained therein for the reason that they are untrue.

39.    In answer to paragraph 39, Defendants deny the allegations contained therein for the reason that they are untrue.

40.    In answer to paragraph 40, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT III – MICHIGAN CONSTITUTION VIOLATION

41.    In answer to paragraph 41, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 40, inclusive, as if fully set forth

herein.

42.　In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

43.　In answer to paragraph 43, Defendants deny the allegations contained therein for the reason that they are untrue.

44.　In answer to paragraph 44(a-j), Defendants deny the allegations contained therein for the reason that they are untrue.

45.　In answer to paragraph 45, Defendants deny the allegations contained therein for the reason that they are untrue.

46.　In answer to paragraph 46, Defendants deny the allegations contained therein for the reason that they are untrue.

47.　In answer to paragraph 47, Defendants deny the allegations contained therein for the reason that they are untrue. Defendants, Fenton Area Public Schools and its former Superintendent Adam Hartley, aver that they are immune from suit herein.

WHEREFORE, Defendants, FENTON AREA PUBLIC SCHOOLS and ADAM HARTLEY, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so

wrongfully sustained.

/s/TIMOTHY J. MULLINS

GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Fenton Area Public
Schools and Adam Hartley

DATED: January 24, 2024

## AFFIRMATIVE DEFENSES

Defendants, FENTON AREA PUBLIC SCHOOLS and ADAM HARTLEY, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.      Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2.      Plaintiff has failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3.      Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiff was proximately caused by third persons not under the control of these Defendants.

4.      Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental

9

functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State, the Constitutions of the State and Federal Government and the statutes promulgated thereunder.

5.      Defendants will show that at all times relevant hereto, they acted without malice, ill will and in good faith in the performance of their duties and, as a result, are malice from suit and recovery by Plaintiff in this case.

6.      Defendants will show at the time of trial that Plaintiff was a public figure and/or public official at the time the statements complained of were made and, further, that the communication complained of was made without malice.

7.      Defendants will show at the time of trial that any communications complained of constituted information which was true and in the public interest and were made without any actual malice on the part of Defendants.

8.      Defendants will show and rely upon at the time of trial that Plaintiff, as a matter of law, is not entitled to exemplary damages, punitive damages or attorney fees.

9.      Plaintiff did not act in good faith.

10.     Any conduct and/or actions complained of by Plaintiff herein were authorized, consented to and have otherwise been released by Plaintiff.

11.     Plaintiff's claim is barred by the expiration of the applicable Statute of

10

Limitations.

12.    If Plaintiff is able to establish a contract of employment between Plaintiff and Defendants, Defendants will show and rely upon at the time of trial that Plaintiff materially breached the terms of such contract.

13.    Defendants are immune from suit and recovery in this cause and are and were at all times pertinent hereto acting without malice, ill will and were, in fact, acting in good faith.

14.    Plaintiff's claims are barred by the doctrine of preemption.

15.    This Court lacks jurisdiction over the subject matter of Plaintiff's' Complaint.

16.    Plaintiff's claim is barred by the Michigan Revised School Code.

17.    Plaintiff's Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

18.    Defendants will show that Plaintiff has failed to prove any deprivation of a Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the U.S. or Michigan constitution or statutes promulgated thereunder.

19.    Defendants will show and rely upon at the time of trial that Plaintiff has failed to mitigate her damages.

20.     Plaintiff's Complaint is barred by the provisions of the Eleventh Amendment.

21.     Plaintiff's claim is barred by claim and issue preclusion.

22.     Defendants will show and rely upon at the time of trial that they, at all times, were acting in good faith for legitimate non-discriminatory business reasons.

23.     Defendants will show at the time of trial that any actions or statements complained of were by third persons not under their control.

24.     As a matter of law, FENTON AREA PUBLIC SCHOOLS cannot be held vicariously liable for the actions of third parties or their employees.

25.     Plaintiff's claim fails as a matter of law and fact because Defendants were not required to protect Plaintiff from the violence or other mishaps that are not directly attributable to the conduct of their employees.

26.     Plaintiff's claims are barred by qualified immunity.

27.     Plaintiff's claims are barred by statutory governmental immunity under the Governmental Tort Liability Act (GTLA).

28.     Plaintiff's claims are barred by immunity granted by state and federal statutes.

29.     Plaintiff's claims are barred by the doctrine of Legislative immunity.

30.     Plaintiff's claim against Defendants are barred by the Public Duty Doctrine.

12

31.    Defendants will show that Plaintiff has failed to prove any deprivation of a Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon 42 USC 1983, the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and/or the Fourteenth Amendment of the U.S. Constitution.

32.    Defendants will show at the time of trial that Plaintiff was guilty of negligence or other willful conduct which contributed to the incidents complained of, and her conduct in this regard was the sole or partial cause of any discipline, injury complained of, and Plaintiff's recovery should be barred or diminished to the extent of such conduct.

33.    Plaintiff's claim is barred for the reason she has failed to exhaust administrative and/or contractual remedies.

34.    The individual Defendants, in whole or in part, are entitled to absolute immunity.

35.    Defendant School District can face no liability for Plaintiff's claims because it had no policy, practice or custom that abridged any of Plaintiff's' statutory or constitutional rights.

36.    Plaintiff's claims are barred by estoppel.

37.    Plaintiff's claim is barred by the Statute of Frauds.

38.    Plaintiff's cause of action is barred by the equitable doctrine of unclean

hands.

39.     Defendants will show and rely upon at the time of trial that all actions or activities complained of by Plaintiff were voluntary and consensual on the part of Plaintiff.

40.     Defendants will show and rely upon at the time of trial that Plaintiff failed to notify her employer of the actions complained of.

41.     Defendants will show and rely upon at the time of trial that they are not subject to liability under the relevant statutes.

42.     Defendants will show and rely upon at the time of trial that Plaintiff has failed to provide proper notice to Defendants.

43.     Defendants will show at the time of trial that all actions complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States, and Defendants have never acted or communicated with malice in reference to Plaintiff.

44.     Defendants will show and rely upon at the time of trial that there was no discriminatory intent.

45.     Defendants have not violated any clearly established constitutional or statutory right.

46.     Plaintiff has failed to satisfy a condition precedent to filing this lawsuit.

14

47.    Defendants' actions and speech herein are protected by the First Amendment.

48.    Defendants reserve the right to amend their Answer, including additional Affirmative Defenses, upon completion of investigation and discovery of this cause.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Fenton Area Public
 Schools and Adam Hartley

DATED: January 24, 2024

## RELIANCE UPON JURY DEMAND

Defendants, FENTON AREA PUBLIC SCHOOLS and ADAM HARTLEY, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiff as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Fenton Area Public
 Schools and Adam Hartley

DATED: January 24, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on January 24, 2024, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

15

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants, Fenton Area Public
 Schools and Adam Hartley
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

16