UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

    Plaintiff,     CASE NO: 2:23-cv-13110

v.     JUDGE GERSHWIN A. DRAIN

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, a Domestic Nonprofit
Corporation, ADAM HARTLEY, individually
and in his official capacity as Superintendent,
and WINSTON STOODY, individually and
in his official capacity as Executive Director,

    Defendants.

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon all parties, through each attorney of record, at their respective addresses disclosed on the pleadings on: 4/18/24:

    _____ Email     X    ECF

Signature:  /s/HEATHER B. COHA

| TOM R. PABST (P27872)<br>JARRETT M. PABST (P73698)<br>Representing Plaintiff<br>2503 S. Linden Road<br>Flint, MI  48532<br>(810) 732-6792 | KAILEN C. PIPER (P28021)<br>Representing Defendants GEARUP, Hartley and Stoody<br>300 St. Andrews Road, Suite 302<br>Saginaw, MI 48638<br>(989) 790-0960<br><br>TIMOTHY MULLINS (P28021)<br>KENNETH CHAPIE (P66148)<br>Representing Defendants Fenton Schools and Hartley<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020 |
|---|---|

## **PLAINTIFF'S INITIAL WITNESS AND EXHIBIT LIST**

NOW COMES Tom R. Pabst, representing Plaintiff herein, and for Plaintiff's Initial Witness and Exhibit List, provides as follows:

## **WITNESSES**

(1) Kelly Rodgers, Plaintiff – POTENTIAL LAY/OPINION WITNESS— Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(2) Adam Hartley, Defendant – POTENTIAL LAY/OPINION WITNESS— Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(3) Winston Stoody – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(4) Nicole Hartley, current or former employee of Defendants – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(5) Tiffany Rouser, current or former employee of Defendants – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(6) Tiffany Peeler, current or former employee of Defendants – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(7) Phil Haggerman, founder of GearUp2Lead – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(8) Heidie Ciesielski, Superintendent of Fenton Area Public Schools – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(9) Jim Golen, current or former employee of Fenton High School – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(10) Theresa Cannon, former employee of GearUp2Lead – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(11) Zaraya Williams, former employee of GearUp2Lead – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(12) Richard Thompson, former employee of Defendants – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(13) Theresa Walterhouse, former U of M Intern – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(14) Lori Hawk, current employee of ELGA, former treasurer – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(15) Deputy Nick Brooks, former School Resource Officer – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(16) David Gibson, former employee of Peckham – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(17) Justin Hubbard, former volunteer/intern – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(18) Karen Chapel, ELGA Credit Union – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(19) Any and all employees/representatives from RKT – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(20) Any and all Board Members of Defendant GearUp2Lead – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability

(21) Any and all Board Members of Defendant Fenton Area Public Schools – POTENTIAL LAY/OPINION WITNESS – Plaintiff's employment with Defendants, Defendants' practices and procedures, damages, liability, including but not limited to:

    (a)    Emily Leonard, President;
    (b)    Dana Jones, Vice President;
    (c)    Renee Juhl, Trustee;
    (d)    Matthew Welch, Secretary;
    (e)    Ashley Prew, Trustee

(22) Any and all current or former medical providers of Plaintiff – POTENTIAL EXPERT/OPINION WITNESSES – Plaintiff's health as it relates to this litigation, including but not limited to:

    (a)    Nita Kulkarni, MD;
    (b)    Damayanthi Pandrangi

(23) Plaintiff may elicit opinion and/or expert testimony from any witnesses heretofore or hereby listed per MRE 701, _et seq_, including but not limited to a potential economic expert to be named later

(24) Any and all further witnesses listed by Defendants

(25) Any rebuttal witnesses as necessary

(26) Any and all witnesses that future discovery may identify

(27) All individuals who are deposed

(28) All individuals identified in any deposition transcripts, answers to interrogatories, and other discovery responses

## **EXHIBITS**

(1) Complete and original personnel file of Plaintiff kept by Defendants, including any and all disciplines and/or complaints

(2) Complete and original files kept by Defendants concerning Plaintiff that may not necessarily be called a "personnel file" but nonetheless constitutes such a file kept by Defendants regarding Plaintiff

(3) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern Plaintiff and the incidents at issue in this case

(4) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern the complaints Plaintiff made regarding head count fraud

(5) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern the complaints Plaintiff made regarding money being spent to subsidize the salary of a Board Member

(6) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern the complaints Plaintiff made regarding state guidelines not being followed when it came to placement of the poor, disadvantaged children they were supposed to be helping

(7) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern the complaints Plaintiff made regarding state guidelines not being followed as the poor, disadvantaged children were NOT being taught by certified professionals as required by law

(8) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages or writings of any sort, including both electronic and physical documents, in the custody of Defendants and/or its employees that in any way mention and/or concern the complaints Plaintiff made that Defendants were committing malpractice

(9) Any and all memos, notes, contracts, handbooks, policy manuals, training manuals or the like disseminated by Defendants to Plaintiff

(10) Any and all News Articles and/or Press Releases regarding the business/educational relationship between Defendant Fenton Area Public Schools and Defendant GearUp2Lead, including but not limited to:

   (a) December 8, 2023 Tri-County Times Article entitled "Fenton schools no longer partners with GearUp Academy

(11) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages, meeting minutes, agendas or writing of any sort regarding the business/educational relationship between Defendant Fenton Area Public Schools and Defendant GearUp2Lead

(12) Any and all documents, emails, memos, letters, notes, reports, recordings, text messages, meeting minutes, agendas, or writing of any sort related to Defendant Fenton Area Public Schools' decision to terminate its contract with Defendant GearUp2Lead

(13) The Bylaws for GearUp2Lead from 2016 to the present

(14) The Articles of Incorporation for GearUp2Lead from 2016 to the present

(15) Any and all job descriptions for individuals employed by GearUp2Lead from 2016 to the present

(16) Salary records for all employees of GearUp2Lead from 2016 to the present

(17) Attendance records for all students enrolled in GearUp2Lead from 2016 to the present

(18) Enrollment records for all students enrolled in GearUp2Lead from 2016 to the present

(19) Graduation records for all students enrolled in GearUp2Lead from 2016 to the present

(20) Progress reports for all students enrolled in GearUp2Lead from 2016 to the present

(21) Any and all IEP records and documents related to students attending GearUp2Lead from 2016 to the present

(22) Any and all documents and emails relating to student IEP's being revoked from 2016 to the present

(23) Any and all further exhibits listed by Defendants

(24) Any rebuttal exhibits as necessary

(25) Any and all exhibits that future discovery may identify

(26) All exhibits identified in any deposition transcripts, answers to interrogatories, and other discovery responses

              Respectfully submitted,

4/18/24               /s/TOM R. PABST
Dated                TOM R. PABST (P27872)
                 Attorney for Plaintiff