UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

    Plaintiff,                              CASE NO: 2:23-cv-13110

v.                                        JUDGE GERSHWIN A. DRAIN

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, a Domestic Nonprofit
Corporation, ADAM HARTLEY, individually
and in his official capacity as Superintendent,
and WINSTON STOODY, individually and
in his official capacity as Executive Director,

    Defendants.

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon all parties, through each attorney of record, at their respective addresses disclosed on the pleadings on 7/17/24, by:

    ____ Email    __X__ CM/ECF

Signature: /s/HEATHER B. COHA

| | |
|---|---|
| TOM R. PABST (P27872)<br>JARRETT M. PABST (P73698)<br>Representing Plaintiff<br>2503 S. Linden Road<br>Flint, MI 48532<br>(810) 732-6792 | KAILEN C. PIPER (P82865)<br>Representing Defendants GEARUP and Stoody<br>300 St. Andrews Road, Suite 302<br>Saginaw, MI 48638<br>(989) 790-0960<br><br>TIMOTHY MULLINS (P28021)<br>KENNETH CHAPIE (P66148)<br>Representing Defendants Fenton Schools and Hartley<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020 |

**PLAINTIFF'S FRCP RULE 37 MOTION FOR ORDER TO COMPEL DEFENDANTS GEARUP AND STOODY TO ANSWER INTERROGATORIES**
**AND**
**PLAINTIFF'S FRCP RULE 37 MOTION FOR ATTORNEY FEES AND COSTS**

**NOW COMES** Tom R. Pabst, representing Plaintiff, Kelly Rodgers, and hereby moves this Court to compel Defendants GearUp and Stoody to Answer Interrogatories they should have answered, but did not, under FRCP 33 and FRCP 36, along with their accompanying Requests for Production, under FRCP 34, and to assess reasonable attorney fees and costs for Plaintiff having to bring this Motion under these circumstances:

(1) That when I received Defendants' Answers to Plaintiff's Initial Interrogatories dated 4/18/24, it was obvious to me that Defendants engaged in a studied purpose not to properly answer Plaintiff's discovery requests and, instead, responded with specious, disingenuous and non-meritorious objections such as –

> "Defendants object to the instant Interrogatory as vague, ambiguous, overbroad, irrelevant, outside the scope of discovery and constitutes an impermissible fishing expedition. Defendants further object to the extent this request calls for attorney-client privilege and/or work product."

A number of Defendants' pseudo answers contain the above objection. See Defendants GearUp and Stoody's Answers to Plaintiff's Initial Interrogatories, attached as Ex. 1. An email request was made to Counsel for GearUp and Stoody, Kailen Piper, to have her client amended their answers to be in conformity with the requirements under the FRCP[1], but no response was received and no changes ever

---

[1] The FRCPs requires a party who is making an objection to explain what portion of the question they feel is objectionable, but then answer all other portions of the question. FRCP 26(B)(5). The same is true for objections for Requests for Production. FRCP 34 (1993 amendments spell this out). In fact, when placing objections to FRCP 34

2

made. Because of this, Plaintiff feels like this is not an accident, but a studied purpose to evade answering Plaintiff's FRCP discovery requests. See Ex. 2 email.

(2) That I, Tom R. Pabst, actually tried to avoid filing such a motion and instead sent a second set of Interrogatories with as much clarity and preciseness as I could possibly muster up, hoping against hope, that Defendants would answer that specific set of Interrogatories in a way that is expected by all officers of the Court. See Ex. 3, Plaintiff's Interrogatories dated 4/18/24. In addition, I discussed this matter with Counsel for all Defendants on two separate occasions, as this Motion was initially directed to all Defendants as Defendant Fenton made almost identical objections. However, after I discussed the matter with Defendant Fenton's Counsel, she agreed to provide, and did provide, the requested information. Unfortunately, Defendants GearUp and Stoody still refused to provide the requested information, so I had to file the instant Motion.

(3) That, unfortunately, Defendants GearUp and Stoody engaged in a studied purpose to evade answering Plaintiff's Interrogatory Nos. 8, 9, and 10. See Ex. 4, Defendant GearUp's Answers to Plaintiff's 4/18/24 Interrogatories. As the Court can see from examining Interrogatories 8, 9, and 10 of the attached Exhibit 4, Plaintiff requested the pay/renumeration records for Winston Stoody, Adam Hartley,

---

requests, a party must also list and itemize all items/documents known to exist that the objection covers. Defendants failed to do all of the above in their answers.

and Nicole Hartley, Defendant GearUp answered as follows for all three Interrogatories –

> "ANSWER: Defendants object to the instant interrogatory as vague, ambiguous, overbroad, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, there is no Protective Order in place."

See Ex. 4.

(4) That in addition to the above stated objections, Defendants added in their Answers to several Interrogatories that the information requested was "proprietary." Defendants' answer is not only violative of the FRCP's, but also shows that the Defendants are engaged in a studied purpose to evade answering the legitimate discovery requests of Plaintiff, in that –

>   (1) The amount of money Winston Stoody, Adam Hartley and Nicole Hartley received is relevant to rebut Defendants' proffered business reason and any McDonnell Douglas test by showing they are lying about the amount of money they received which would constitute "pretext" under the very test that this Court will have to apply at the close of discovery when it decided Defendants' MSJ Motion;
>
>   (2) Nicole Hartley is Adam Hartley's wife and, upon information and belief, was not a certified teacher, yet she was, and she was paid money for that, which constitutes part of the fraudulent scam that Plaintiff claims Defendants were involved in. This is obviously very relevant and not a fishing expedition. Public monies were being misappropriated and that is the basis of Plaintiff's First Amendment violation claim;

4

    (3)    Defendants show their arrogance when they think they can define relevancy by simply parroting a phrase "impermissible fishing expedition", whereupon Defendants won't have to do anything more. It is not a fishing expedition when the information sought proves "pretext" under any McDonnell Douglas test that the Court will have to apply and will also show fraudulent misappropriation of public monies, which is the basis of Plaintiff's First Amendment claim. What could be more relevant?

    (4)    Defendants' claim of "proprietary" is mysterious and I have no idea what Defendants are even claiming or objecting to when it states the information requested is "proprietary" as a justification for not complying with FRCP discovery rules. The payment records are those of Fenton Area Public Schools, a public body, which is supposed to be transparent, which is the whole basis of our FOIA laws. Defendants cannot now hide them under a cloak of secrecy and pretend there is no such thing as FOIA or this very lawsuit showing that those public monies are being misappropriated and paid to the Hartley family and Winston Stoody under circumstances where those monies should not have been paid. In other words, Defendant are engaged in fraud and are trying to cover it up.

    (5)    That Defendants' claim "there is no Protective Order", but this Court can see that Defendants have not filed a Motion under FRCP 26 asking for a Protective Order because they know they would have to show good cause and they don't have any good cause to have a Protective Order entered – nor have they even asked Plaintiff's Counsel to consider a Protective Order. Under FRCP 26 the burden of showing "good cause" falls at all times on the party seeking the protection, yet Defendant Fenton Schools just threw out a vague claim without any support or

5

justification, as they are required to do. Further, "Good Cause" is not established when a party claims broad allegations of harm unsubstantiated by specific examples. Claims of annoyance, embarrassment, oppression, or undue burden or expense are not shown lightly.

However, because of the public nature of Defendant Schools and the fact they are public records, and the circumstances of our case, a Protective Order is not warranted and Plaintiff's Counsel would not agree to such an order. Apparently, Defendants think they can just make these "objections" by parroting the phrase "impermissible fishing expedition" and think they don't have to do anything else and can simply stonewall Plaintiff so she will be hindered in proving her case. Completely ignoring the Court Rules in the 1st set of discovery, and then again in the 2nd set, and requiring Plaintiff to file this motion just to get Defendants to comply with their obligations is outrageous!

(6) That Plaintiff sent a copy of this Motion and Brief to Defendants' Counsel before it was filed with the Court, asking them to read the pleadings to see if they would reconsider their positions about answering Plaintiff's Interrogatories, and discussed the matter with Counsel on two separate occasions. However, Defendants' Counsel declined to submit full and complete answers to Plaintiff's discovery requests, so the instant Motion was filed.

(7) That in 47 years of active practice, I have rarely asked the Court for costs and attorney fees, however, in this case I will. Defendants' violation of the FRCP's is deliberate and shows they are engaged in an arrogant, studied purpose of not providing information to hinder Plaintiff in proving her case. Even when they were given the chance to rectify the deficient answers, they refused to do so. Therefore, some reasonable attorney fee/costs are warranted in this matter.

(8) Plaintiff's Counsel would have filed this Motion earlier, however, was in back-to-back trials in May. First was a trial/arbitration that started with an all-day pre-trial conference on Monday, May 13, 2024, and then all-day Trial days that Tuesday, Wednesday, Thursday, which ended at 4:30-5pm, and then prepped for the next day. The arbitration settled on Friday about mid-day after more witnesses were called and cross examined.

Then the weekend was used to prepare for the *Gabriel Pistol v. Magoo's* trial in Judge Brian Pickell's Court which started Wednesday, May 22nd, 2024. We had all-day trial days the rest of that week and the following week until we received the verdict on Friday May 31, 2024, right before lunch. These matters put the office a little behind in some discovery matters and since then Plaintiff's Counsel has been taking and defending all of the postponed depositions, and other discovery matters, such as this one. Normally, a matter such as this would have been addressed sooner.

7

(9) That Plaintiff sought concurrence from Defendants on July 9, 2024, but such concurrence was not granted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court –

(1) Compel Defendant GearUp to answer Plaintiff's Interrogatory Nos. 8, 9, and 10, within fourteen (14) days of the date of this Order;

(2) Award attorney fees and/or costs, in an amount reasonable to the circumstances of our case, to Plaintiff's Counsel for having to incur the cost and expense of filing the present Motion; and

(3) Grant such other and further relief as is fair and just under our circumstances.

                                              Respectfully submitted,

<u>7/17/24</u>                                         <u>/s/TOM R. PABST</u>
Dated                                           TOM R. PABST (P27872)
                                                Attorney for Plaintiff

Case 2:23-cv-13110-GAD-CI ECF No. 21, PageID.117 Filed 07/17/24 Page 9 of 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

    Plaintiff,                                  CASE NO: 2:23-cv-13110

v.                                               JUDGE GERSHWIN A. DRAIN

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, a Domestic Nonprofit
Corporation, ADAM HARTLEY, individually
and in his official capacity as Superintendent,
and WINSTON STOODY, individually and
in his official capacity as Executive Director,

    Defendants.

**Proof of Service**
The undersigned certifies that the foregoing instrument was served upon all parties, through each attorney of record, at their respective addresses disclosed on the pleadings on 7/17/24, by:

    \_\_\_\_\_ Email    \_X\_ CM/ECF

Signature: /s/HEATHER B. COHA

| | |
|---|---|
| TOM R. PABST (P27872)<br>JARRETT M. PABST (P73698)<br>Representing Plaintiff<br>2503 S. Linden Road<br>Flint, MI 48532<br>(810) 732-6792 | KAILEN C. PIPER (P28021)<br>Representing Defendants GEARUP<br>  and Stoody<br>300 St. Andrews Road, Suite 302<br>Saginaw, MI 48638<br>(989) 790-0960<br><br>TIMOTHY MULLINS (P28021)<br>KENNETH CHAPIE (P66148)<br>Representing Defendants Fenton<br>  Schools and Hartley<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020 |

**BRIEF IN SUPPORT OF PLAINTIFF'S FRCP RULE 37 MOTION FOR ORDER TO COMPEL DEFENDANTS GEARUP AND STOODY TO ANSWER INTERROGATORIES AND**
**BRIEF IN SUPPORT OF PLAINTIFF'S FRCP RULE 37 MOTION FOR ATTORNEY FEES AND COSTS**

As this Court knows, it has the power and authority to grant the relief requested by Plaintiff, pursuant to FRCP 26, 37, 33 and 34 – all of which Defendants have violated.  Defendants can't simply announce that they aren't going to provide the information without a Protective Order, then not file a Motion pursuant to FRCP 26, which requires that they show good cause for why a Protective Order is needed.  Defendants don't have any good cause and they know it.  This is why, in the judgment of Tom R. Pabst, Defendants didn't file a Motion for a Protective Order.  Do Defendants think they can get away with announcing the absence of a Protective Order and stating Plaintiff is on a "fishing expedition" and expect that they don't have to abide by the same FRCP rules of discovery that Plaintiff has to abide by?  Further, Defendants cannot just throw out objections without any basis, and then ignore the remainder of the Interrogatory they are objecting to[2].  Defendants also cannot do the same blanket objection to requested records/documents without itemizing/listing which documents fall under their objections.  Without these, Plaintiff and this Court cannot do an analysis of the merits of their objections.  The FRCPs are drafted so that another party, and the Court, has to guess about objections, and which documents do, and do not, exist.

---

[2] FRCP 33, 1946 Advisory Note for need to clarify the Court Rules, 1993 Advisory Note for need to clarify the Court Rules

2

For the reasons set forth in the Motion, this Court should grant Plaintiff's Motion and compel Defendants GearUp and Stoody to provide legitimate answers to Plaintiff's discovery requests.

Respectfully submitted,

7/17/24                                         /s/TOM R. PABST
Dated                                      TOM R. PABST (P27872)
                                             Attorney for Plaintiff