UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELLY RODGERS, | ) |
| | ) Case No.: 23-13110 |
| Plaintiff, | ) |
| v | ) |
| | ) HONORABLE |
| | ) GERSHWIN A. DRAIN |
| FENTON AREA PUBLIC SCHOOLS, | ) |
| GEARUP2LEAD, ADAM HARTLEY and | ) |
| WINSTON STOODY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

TOM R. PABST, P.C.
TOM R. PABST (P 27872)
Attorney for Plaintiff
2503 South Linden Road
Flint, Michigan  48532
810/732-6792

O'NEILL, WALLACE, & DOYLE, P.C.
BY:  KAILEN C. PIPER (P 82865)
Attorney for Defendants GEARUP2LEAD
 HARTLEY and STOODY
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
989/790-0960

GIARMARCO, MULLINS & HORTON, P.C.
BY:   TIMOTHY MULLINS (P28021)
       KENNETH CHAPIE (P66148)
       LINDSAY P. HAZEN (P85861)
Attorney for Defendants FENTON and HARTLEY
101 W. Big Beaver Road, 10th Floor
Troy, Michigan  48084-5280
248/457-7020

## DEFENDANT GEARUP2LEAD AND WINSTON STOODY'S ANSWERS TO PLAINIFF'S INTERROGATORIES DATED APRIL 18, 2024

NOW COME Defendants, GEARUP2LEAD and WINSTON STOODY through their Attorney, KAILEN C. PIPER, and in Answer to Plaintiff's Interrogatories dated April 18, 2024 states as follows:

1. State the name, address, employer and capacity in which employed of the individual answering these discovery requests for and on behalf of Defendants.

**ANSWER:** Winston Stoody, Executive Director of GearUp2Lead, who may be contacted through counsel.

## OPERATION OF DEFENDANT GEARUP2LEAD

2. Please state the name, address, employer, and capacity in which employed of each and every **officer** of Defendant GearUp2Lead for each year from 2016 to the present.

**ANSWER:** Defendants object to the instant interrogatory as vague, ambiguous, overbroad, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections, please see the board member list that was previously produced by Defendants. Further, the Executive Directors of GearUp2Lead include Adam Hartley and then Winston Stoody who started as the executive director on.

3. Please state the name, address, employer, and capacity in which employed of each and every **director** of Defendant GearUp2Lead for each year from 2016 to the present.

**ANSWER:** Please see Defendants' Answer to Interrogatory No. 2.

4. Please state the name, address, employer, and capacity in which employed of each and every **employee** of Defendant GearUp2Lead for each year from 2016 to the present.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections and upon information and belief: Tiffany Rouser, Program Director; Teresa L. Cannon, Pupil Accounting; Kenya Clark, Student Support; Angela S. Green-Izzo, Student Support; Cameron Hartley, Student Athletics Coordinator; Virginia Redmond, Student Support; Tracey L. Sabouri, Student Support; Clare Thompson, Student Support; James E. Thompson, Athletics Coordinator; Richard K. Thompson, Middle School Program Director; Zaryah Williams, Public Accounting Assistant; Kelly Bell, Program Coordinator; Antwuan Davis, Student Support; Adam J. Hartley, Director of K12 Partnerships; Nicole Hartley, Primary Grades Program Director; Jennifer J. Snipes, Student Support.

5. Please state the name, address, employer, capacity in which employed, and services provided of each and every person who was employed by, provided services for, was an outside vendor for, and/or an outside contractor of Defendant GearUp2Lead for each year from 2016 to the present.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections, please see previous answers to discovery.

6. Please state the name, address, employer, and capacity in which employed of each and every person who was employed by or working at GearUp2Lead for each year from 2016 to the present.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections, please see previous answers to discovery.

7. Please state the name, address, employer, and capacity in which employed of each and every person from Defendant Fenton Area Public Schools who supervised the actions of Defendant GearUp2Lead for each year from 2016 to the present. In other words, who monitored which students were being accepted into the program, whether the teachers employed by GearUp2Lead were certified or not, and whether the students' IEPs were being followed, and how much money was being allocated to employees, etc.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections, please refer to Fenton Area Public Schools. Upon information and belief, the following former and current employees of Fenton Area Public schools had contact with GearUp2Lead: Hiedie Ciesielski, Tiffany Peller, Jim Goldon, Amanda Mogford, Linda Vollick, Barb Stinson, Eric Rettenmund, and Adam Hartley.

## MONIES PAID TO THE PARTIES

8. For each year from 2016 to the present, identify any and all monies and/or renumeration (i.e. wages, benefits, bonuses, salary, etc.) that Defendant Winston Stoody received from –

    (a)    Defendant GearUp2Lead;
    (b)    The State of Michigan;
    (c)    Defendant Fenton Area Public Schools; and
    (d)    Any of the other Defendants.

Please also identify each and every W-2 or 1099 received by Defendant Winston Stoody during the same time period.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, there is no Protective Order in place.

9. For each year from 2016 to the present, identify any and all monies and/or renumeration (i.e. wages, benefits, bonuses, salary, etc.) that Defendant Adam Hartley received from –

    (a)    Defendant GearUp2Lead;
    (b)    The State of Michigan;
    (c)    Defendant Fenton Area Public Schools; and
    (d)    Any of the other Defendants.

Please also identify each and every W-2 or 1099 received by Defendant Adam Hartley during the same time period.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, there is no Protective Order in place.

10. For each year from 2016 to the present, identify any and all monies and/or renumeration (i.e. wages, benefits, bonuses, salary, etc.) that Nicole Hartley received from –

    (a)    Defendant GearUp2Lead;
    (b)    The State of Michigan;
    (c)    Defendant Fenton Area Public Schools; and
    (d)    Any of the other Defendants.

Please also identify each and every W-2 or 1099 received by Nicole Hartley during the same time period.

**ANSWER:** Defendants object to the instant Interrogatory as vague, ambiguous, overboard, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, there is no Protective Order.

11. For each year from 2016 to the present, identify any and all monies and/or renumeration (i.e. wages, benefits, bonuses, salary, etc.) that Plaintiff Kelly Rodgers received from –

    (a)    Defendant GearUp2Lead; and
    (b)    Defendant Fenton Area Public Schools.

Please also identify each and every W-2 or 1099 received by Plaintiff Kelly Rodgers.

**ANSWER:** Kelly Rodgers was a volunteer for GearUp2Lead and became a full- time employee in December 2017 until she resigned effective October 31, 2022.

12. Please identify any monies and/or renumeration of any sort that Defendant GearUp2Lead received from Defendant Fenton Area Public Schools and/or the State of Michigan for the education and/or placement of students for each year from 2016 to the present. In other words, how much money did Defendant GearUp2Lead receive from Defendant Fenton Area Public Schools

5

and/or the State of Michigan for each student Defendant GearUp2Lead placed in Defendant Fenton Area Schools.

**ANSWER:** Defendants object to the instant interrogatory as overbroad, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, the information requested is proprietary and there is no Protective Order. Without waiving said objections, please see the previously produced contract formulas.

13. Please identify any monies and/or renumeration of any sort that Defendant Fenton Area Public Schools paid for the education and/or placement of students in any way affiliated with, or that came through GearUp2Lead for each year from 2016 to the present. In other words, how much money did Defendant Fenton Area Schools receive from the State of Michigan for each student, and how much of that money was given to Defendant GearUp2Lead when a student was enrolled into Defendant Fenton Area Schools. Also explain what documents and/or contracts were generated concerning the division of money between Defendant Fenton Area Schools and Defendant GearUp2Lead.

**ANSWER:** Defendants object to the instant interrogatory as overbroad, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, the information requested is proprietary and there is no Protective Order. Without waiving said objections, please see the previously produced contract formulas.

14. Please identify the name, address, employer, and capacity in which employed of each and every person who conducted any type of investigation of the actions and/or operations of Defendant GearUp2Lead. Please also identify each and every report, email, letter, and/or writing of any sort which touches upon, mentions, and/or in any way concerns any such investigation.

**ANSWER:** Defendants object to the instant interrogatory as vague for the reason that these Defendants do not know what Plaintiff means by "investigation of the actions and operations of Defendant GearUp2Lead." Defendant further objects to the extent that this interrogatory is irrelevant, outside the scope of discovery and constitutes an impermissible fishing expedition. Without waiving said objections, Defendants are not aware of any "investigation."

6

GEARUP2LEAD

Date: May 16, 2024

/s/ WINSTON STOODY w/ permission
WINSTON STOODY

AS TO OBJECTIONS ONLY:

/s/ KAILEN C. PIPER (P 82865)
O'NEILL, WALLACE & DOYLE, P.C.
KAILEN C. PIPER (P 82865)
Attorneys for Defendants GEARUP2LEAD
 and STOODY
300 St. Andrews Road, Suite 302
Saginaw, MI 48638

Date: May 16, 2024