UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELLY RODGERS,<br>    Plaintiff,<br>v.<br><br>FENTON AREA PUBLIC<br>SCHOOLS, *et al.*,<br>    Defendants.<br>_____/ | Case No. 23-13110<br><br>Gershwin A. Drain<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL (ECF No. 21)**

**A.     Background**

This is a discrimination in employment case. Plaintiff was an employee of Defendant Gearup2Lead, a non-profit alternative high school program for at-risk youth. (ECF No. 1). Defendant Winston Stoody was the executive director of Gearup2Lead. At least once, Plaintiff complained to Defendants Stoody and Hartley about fraud in the organization and that the organization was setting students up to fail. (*Id.* at PageID.4). In retaliation for her complaints, she was fired. Plaintiff raises claims of retaliation, race discrimination, and violation of the Michigan Constitution.

Plaintiff moved to compel responses to three interrogatories and accompanying requests for production from Defendants Gearup2lead and Stoody. (ECF No. 21). This motion was referred to the undersigned. (ECF No. 24).

B.  **Discussion**

"Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26.  Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

The contested interrogatories ask for "any and all monies and/or renumeration" that each individual Defendant and non-party Nicole Hartley received from Gearup2Lead, the state of Michigan, Defendant Fenton Area Schools, and any of the defendants.  (ECF No. 21-4, PageID.144-45).  Defendants

objected to each interrogatory with this: "Defendants object to the instant interrogatory as vague, ambiguous, overbroad, irrelevant to the claims and defenses, outside the scope of discovery and constitutes an impermissible fishing expedition. Further, there is no Protective Order in place." (*Id.*). According to Plaintiff, Defendants elsewhere stated that the requested information was proprietary, but Plaintiff did not attach an example of such a response. (ECF No. 21, PageID.112). Plaintiff insists that the information she seeks is relevant to rebut defenses and to show pretext. (*Id.* at PageID.112-13).

In response, Defendants contend that the requests seek irrelevant information and counter-move for a protective order. (ECF No. 26).

The Court will not entertain Defendants' request for a protective order raised in the response brief. Parties using the Court's electronic filing system are not permitted to combine a motion with a response. *See* Electronic Filing Policies and Procedures Rule 5(f). Local Rule 7.1(i) also prohibits parties from combining a counter-motion with a response.

The Court agrees with Plaintiff that Defendants' objections are insufficient. The objections are boilerplate. "[C]ourts in this district have consistently voiced their disapproval of generalized, blanket objections." *Mich. Auto. Ins. Placement Facility v. New Grace Rehab. Ctr.*, 2019 WL 355654, at *2 (E.D. Mich. Jan. 29, 2019) (citation omitted). "Counsel should articulate particularized reasons that

3

relate specifically to the nature of the evidence sought, its potential materiality and relevance to the claims at issue—or lack thereof—and explain precisely how and why, if the objection is vagueness, overbreadth, or burdensomeness, the request suffers from such defects, and what harm answering the request would cause." *Id.*; *see also Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 858 (E.D. Mich. 2017) (objections stating that requests are "vague, overly broad and lacking specificity" are boilerplate). Under Fed. R. Civ. P. 33(b), "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." A boilerplate objection is "tantamount to no objection at all" and can amount to waiver of any objections. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018). Federal Rule of Civil Procedure 37 allows sanctions against a party who fails to answer interrogatories, including directing that matters embraced in the requests be taken as established for purposes of the action.

Given the boilerplate nature of the objections, the Court considers the objections waived. Yet there is a problem with relevance. Defendants insist the requests for information about compensation are irrelevant. For instance, they point out that money paid to the defendants and a non-party will not make it more or less likely that the defendants retaliated against Plaintiff for engaging in protected activity. (ECF No. 26, PageID.175). As mentioned, Plaintiff argues that the information is relevant to rebutting Defendants' "preferred business reason"

4

and "showing they are lying about the amount of money they received which would constitute 'pretext.'" (ECF No. 21, PageID.112).  Plaintiff did not elaborate on this point, so it is difficult to see why rebutting a business reason is relevant here or how the money would establish pretext.

Plaintiff's failure to explain the relevance of the discovery precludes the Court from making a reasoned determination.  Thus, Plaintiff's motion will be denied without prejudice.  Plaintiff may refile the motion more fully supporting the need for the discovery.  A new motion must be filed **within 14 days** of this Order or else Plaintiff will have forfeited the arguments.  If the new motion does not adequately explain the relevance of the discovery, the motion will likely be denied.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 8, 2024              s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge