UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELLY RODGERS, | ) Case No.: 23-13110 |
| Plaintiff, | ) |
| v | ) HONORABLE |
| | ) GERSHWIN A. DRAIN |
| FENTON AREA PUBLIC SCHOOLS, GEARUP2LEAD, ADAM HARTLEY and WINSTON STOODY, | ) |
| Defendants. | ) |

TOM R. PABST, P.C.
TOM R. PABST (P 27872)
Attorney for Plaintiff
2503 South Linden Road
Flint, Michigan 48532
810/732-6792

_____

O'NEILL, WALLACE, & DOYLE, P.C.
BY: KAILEN C. PIPER (P 82865)
Attorney for Defendants GEARUP2LEAD
 HARTLEY and STOODY
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
989/790-0960

_____

GIARMARCO, MULLINS & HORTON, P.C.
BY: TIMOTHY MULLINS (P28021)
    KENNETH CHAPIE (P66148)
    LINDSAY P. HAZEN (P85861)
Attorney for Defendants FENTON and HARTLEY
101 W. Big Beaver Road, 10th Floor
Troy, Michigan 48084-5280
248/457-7020

_____

## **DEFENDANTS WINSTON STOODY, ADAM HARTLEY, AND GEARUP2LEAD'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

## **TABLE OF CONTENTS**

Index of Authorities ……………………………………………………...   iv

Introduction…………………………………………………………….   1

Law and Argument…………………………………………………….   1

    I. Michigan's Elliot-Larsen Civil Rights Act ("ELCRA")…………...   1
        a. Plaintiff did not engage in protected activity ……………….   1
        b. Plaintiff did not suffer an adverse employment action
           and was not constructively discharged ……………………..   3
        c. There is also no causal connection between any purported
           protected activity or adverse employment action …………..   5

    II. First Amendment …………………………………………………   6

    III. Hostile Work Environment………………………………………   6

    IV. Plaintiff's Michigan Constitutional Claims ……………………..   7

Conclusion …………………………………………………………….   7

# **INDEX OF AUTHORITIES**

**Page(s)**

**Cases**

*Barrett v. Whirlpool Corp.*,
   556 F.3d 502 (6th Cir. 2009) ................................................................................ 6

*Barrett v Kirtland Community College*,
   245 Mich. App. 306 (2001) .................................................................................. 2

*Bennett v William Beaumont Hospital*,
   2019 WL 939053 (Mich. App., Feb. 26, 2019) ................................................... 2

*Colone v Wardell*,
   2010 WL 3928756 (Mich. App., Oct. 7, 2010) .................................................... 2

*El-Khalil v Oakwood Healthcare, Inc*,
   504 Mich 152 (2019) ........................................................................................... 1

*Henry v Detroit*,
   234 Mich App 405 (1999) ................................................................................... 5

*Johnson v University of Cincinnati*,
   215 F.3d 561 (6th Cir. 2000) ...................................................................... 1, 2, 3

*McDonnell Douglas Corporation v Green*,
   411 U.S. 792 (1973) ............................................................................................ 1

*Moore v KUKA Welding Systems & Robot Corp*,
   171 F.3d 1073 (6th Cir. 1999) ............................................................................. 5

*Radtke v Everrett*,
   442 Mich. 368 (1983) .......................................................................................... 6

*Thaddeus-X v Blatter*,
   175 F.3d 378 (6th Cir. 1999) ............................................................................... 5

*West v General Motors Corp*,
   469 Mich 177 (2003) ........................................................................................... 5

## **Rules**

FRCP 56 ............................................................................................................... 2

FRCP 56(a) .......................................................................................................... 1

FRCP 56(c)(1) ..................................................................................................... 4

FRE 801 ............................................................................................................... 4

FRE 802 ............................................................................................................... 4

## **Regulations**

34 C.F.R. § 300.9(c).............................................................................................. 4

## INTRODUCTION

Defendants are entitled to summary judgment as none of Plaintiff's allegations have any basis in law or fact,. Fed. R. Civ. P. 56(a).

## LAW AND ARGUMENT

### I.  MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

Plaintiff's response to Defendants' Motion for Summary Judgment fails to identify direct evidence of discrimination or retaliation. Accordingly, the correct standard is the *McDonnell Douglas* burden shifting framework. *McDonnell Douglas Corporation v Green*, 411 U.S. 792, 802-04 (1973). This framework requires Plaintiff to first show that (1) she engaged in protected activity; (2) that was known to Defendants; (3) that Defendants took an adverse employment action and (4) a causal connection between the protected activity and the adverse employment action. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 161 (2019). Interestingly, Plaintiff's response emphasizes her purported protected activity and merely glosses over the remaining three elements.

#### a. Plaintiff did not engage in protected activity

Plaintiff erroneously compares herself to the Plaintiff in *Johnson v University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000) to establish that she engaged in protected activity.[1]  In order to argue that she engaged in protected activity as set

---

[1] Notably, Plaintiff relies on *Johnson v University of Cincinnati*, 215 F.3d 561 (6th

1

forth in *Johnson*, Plaintiff must show evidence of some effort to actually advocate on behalf of the children. 215 F.3d 561 (6th Cir. 2000). In *Johnson*, the Vice President of Human Resources was terminated after openly voicing his concerns that the University was not following Affirmative Action requirements, and filing an EEOC complaint alleging race and retaliatory discrimination. *Id.* at 569-570. In fact, Plaintiff's termination came only a day after the Plaintiff disputed his supervisor's criticisms of his employment actions. *Id* at 570. Unlike *Johnson*, in this case, Plaintiff was not advocating on behalf of minority children. At best, Plaintiff expressed her personal displeasure with the operation of the middle school program, which included students of all races, because she falsely believed that RKT and Nicole Hartley were not certified to oversee the middle school program.

As previously addressed, to establish protected activity the "employee must do more than generally assert unfair treatment. The employee's charge must clearly convey to an objective employer that the employee is raising the specter of a claim of unlawful discrimination to the [ELCRA]." *Barrett v Kirtland Community College*, 245 Mich. App. 306, 318-19 (2001) (superseded by Statute on other grounds as stated in *Bennett v William Beaumont Hospital*, 2019 WL 939053, *2, n. 4 (Mich. App., Feb. 26, 2019)—Ex. 15; See also, *Colone v Wardell*,

---

Cir. 2000) with respect to her analysis under Michigan's Elliot-Larsen Civil Rights Act. However, *Johnson* does not address Michigan's ELCRA and is more appropriately analyzed under the First Amendment claim.

2010 WL 3928756 (Mich. App., Oct. 7, 2010) – Ex. 16.

### b. Plaintiff did not suffer an adverse employment action and was not constructively discharged

Plaintiff cannot get over the fact that she did not suffer an adverse employment action and that her decision to leave GearUp2Lead does not amount to constructive discharge. Plaintiff wants to rely on *Johnson v University of Cincinnati*, supra, as the primary comparison to her case. Unlike *Johnson*, however, Plaintiff in this case was not terminated. Instead, around the same time that Plaintiff allegedly engaged in protected activity, she was offered a full insurance package, up to $10,000, that was not equally offered to any other employee of GearUp2Lead, including Winston Stoody, the Executive Director.

In her response Plaintiff creatively attempts to overcome this by merely alleging that she was "forced" to take over the middle school and "forced" to accept students into her GearUp Academy program. First, there is absolutely no evidence that Plaintiff was ever "forced to" take over the middle school. Plaintiff even testified that while she was asked to take on the oversight of the middle school students, she declined to do so. Ex. 2 at pg. 38. She then admits that after she declined, she was never told again that she would have to. Ex. 2 at pgs. 44-48. Ultimately, she never had any involvement with the middle school and Nicole Hartley continued its oversight. Ex. 2 at pgs. 32; 39-40; 44.

Similarly, there is no evidence that Defendants withheld a raise from the

Plaintiff. In fact, Plaintiff does not cite to any evidence to support this allegation. In response to a Motion for Summary Judgment, Plaintiff must rely on more than an allegation and cite to actual evidence in the record. FRCP 56(c)(1).

In addition to the foregoing, Plaintiff's allegation that she suffered an adverse employment action because she was "forced" to accept students into her program is both legally and factually flawed. First, the affidavit that Plaintiff relies on to make this claim does not show that Plaintiff was "forced" to accept students into her program. In fact, the affidavit only references the "GearUp2Grow" program for elementary students, which Plaintiff was not involved with.[2] Even so, unlike a traditional public school, students are not entitled to enrollment in GearUp2Lead, and if a parent wanted to revoke their child's IEP, it was up to them to do so. Ex. 2 at pg. 49; Ex. 4 at pgs. 6-7; Ex. 8 at pg. 8; Ex. 5 at pg. 34; Ex. 4 at pg. 7. This is consistent with the requirements under IDEA, 34 C.F.R. § 300.9(c). Otherwise, special education services were provided through Fenton. Ex. 2 at pg. 99; Ex. 6 at pg. 16. Plaintiff admitted that there were students with special education services in GearUp that were accommodated. Ex. 2 at pgs. 58-59.

---

[2] The Affidavit identified as Plaintiff's Exhibit 7 was not produced in discovery, despite it being signed during discovery on December 9, 2024. Therefore, this exhibit should be stricken from the record and not relied on herein. Moreover, the email labeled Exhibit 1 and attached to Exhibit 7 constitutes inadmissible hearsay of which no exception applies and therefore should also be stricken from the record. FRE 801; 802. Further, the students enrolled in GearUp by Abel Patton were students of Fenton, and therefore, their educational records were maintained

4

Plaintiff also tries to circumvent the facts and rely on *Moore v KUKA Welding Systems & Robot Corp*, to allege that she sustained an adverse employment action because she was "isolated." 171 F.3d 1073, 1080 (6th Cir. 1999). However, this allegation is also not supported by any evidence in the record. Indeed, the evidence in this case suggests the contrary, as GearUp2Lead worked with Plaintiff to secure a health insurance package even after her purported protected activity took place. Plaintiff also cites to *Thaddeus-X v Blatter* 175 F.3d 378 (6th Cir. 1999). Unlike the Plaintiff in *Thaddeus-X*, Plaintiff in this case did not face harassment or threats of any kind.

### c. There is also no causal connection between any purported protected activity or adverse employment action.

Plaintiff claims that mere "anger" and "displeasure" is enough to satisfy a causal connection by relying on *West v General Motors Corp*, 469 Mich 177 (2003). While evidence of <u>clear</u> anger and displeasure by an employer may suggest evidence of a causal connection, that alone is not enough. The Michigan Supreme Court in *West* relied on *Henry v Detroit*, 234 Mich App 405 (1999). In *Henry*, there was not only "clear evidence of displeasure" by Plaintiff's superior, but also that Plaintiff was treated differently, which included an ultimatum: demotion or forced retirement. *Henry*, 234 Mich. App. At 414. No such actions exist here. To the contrary, Plaintiff was offered $10,000 towards a health

---

with Fenton, not GearUp.

insurance package, and there was absolutely no change in her title or job responsibilities. Plaintiff agrees that she would have stayed at GearUp2Lead with the health insurance, a $5,000 raise and a job description. Ex. 2 at pgs. 78-79.

## II.   FIRST AMENDMENT

Plaintiff alleges that there was state action in this case simply because Adam Hartley was the Superintendent of Fenton Area Public Schools while also serving on the board of GearUp2Lead. Merely serving in these two roles does not create a state action under the law. This is particularly true when neither GearUp or Fenton could enter into any agreements or take any action without the approval of their respective boards. Ex. 4 at pg. 14; Ex. 5 at pg. 21. This includes Plaintiff's employment. Moreover, Adam Hartley resigned from Fenton in June 2022, three months before Plaintiff resigned from GearUp. Ex. 4 at pg. 10.

## III.   HOSTILE WORK ENVIRONMENT

Establishing a hostile work environment is a high bar. *Radtke v Everrett*, 442 Mich. 368, 382 (1983). Offhand and isolated comments are not sufficient on their own. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009).

Plaintiff claims that she experienced a hostile work environment when she was allegedly asked to take on the oversight of the middle school, which she declined and did not have to do. Ex. 2 at pg. 38. Moreover, Plaintiff relies on an isolated comment by Adam Hartley claiming that he "threatened" to fire her, which

is not supported by the evidence. There is also no actual evidence that he demanded *anything* of Plaintiff at any time.

Furthermore, Plaintiff cannot claim that she experienced a hostile work environment when she admits that she would have stayed at GearUp if GearUp agreed to provide her with a $5,000 raise, $10,000 in health insurance benefits, which she was approved for, and a job description. Ex. 2 at pgs. 78-79.

### IV. PLAINTIFF'S MICHIGAN CONSTITUTIONAL CLAIMS

Interestingly, Plaintiff's response brief does not expressly address her claim under the Michigan Constitution. Rather, she artfully tried to weave it into her allegations of a hostile work environment and constructive discharge. Given her outright failure to address this claim, this claim should be dismissed.

### CONCLUSION

WHEREFORE, Defendants, WINSTON STOODY, ADAM HARTLEY and GEARUP2LEAD, respectfully request that this Honorable Court GRANT their Motion for Summary Judgment, together with any and all other relief this Honorable Court deems fair and just under the circumstances.

Respectfully Submitted,

/s/ KAILEN C. PIPER (P 82865)
O'NEILL, WALLACE & DOYLE, P.C.
KAILEN C. PIPER (P 82865)
Attorneys for Defendants GEARUP2LEAD
and STOODY

Date: April 14, 2025

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| TOM R. PABST | jarrettpabst@prontonmail.com<br>tom.r.pabst@gmail.com<br>office@tomrpabstpc.com |
| TIMOTHY MULLINS<br>KENNETH CHAPIE<br>LINDSAY HAZEN | tmullins@gmhlaw.com<br>kchapie@gmhlaw.com<br>lhazen@gmhlaw.com |

Respectfully Submitted,

/s/ KAILEN C. PIPER (P 82865)
O'NEILL, WALLACE & DOYLE, P.C.
KAILEN C. PIPER (P 82865)
Attorneys for Defendants GEARUP2LEAD and STOODY
300 St. Andrews Road, Suite 302
Saginaw, MI 48638

Date:  April 14, 2025