UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY RODGERS,

        Plaintiff,　　　　　　　　　　Judge Gershwin Drain
　　　　　　　　　　　　　　　　　　　Magistrate Judge Curtis Ivy, Jr.
v　　　　　　　　　　　　　　　　　　No. 23-13110

FENTON AREA PUBLIC SCHOOLS,
GEARUP2LEAD, ADAM HARTLEY
and WINSTON STOODY,

        Defendants.
_____/

TOM R. PABST (P27872)
TOM R. PABST, P.C.
*Attorney for Plaintiff*
2503 South Linden Road, Suite 185
Flint, MI 48532
(810) 732-6792
tom@tomrpabstpc.com

KAILEN C. PIPER (P82865)
O'NEILL, WALLACE & DOYLE, P.C.
*Attorney for Defendants Gearup2lead,*
*Hartley and Stoody*
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
kpiper@owdpc.com

TIMOTHY J. MULLINS (P28021)
KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants, Fenton Area Public*
*Schools and Adam Hartley*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
lhazen@gmhlaw.com

# DEFENDANTS, FENTON AREA PUBLIC SCHOOLS AND ADAM HARTLEY'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

1. *Plaintiff Does Not Dispute Defendant Hartley's Entitlement to Qualified Immunity and Plaintiff Waives Her Monell Claim.*

To overcome a qualified-immunity defense, Plaintiff must show two things: (1) that government officials violated a constitutional right and (2) that the unconstitutionality of their conduct was clearly established when they acted. *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018). Plaintiff did not even attempt to refute that she has not alleged a clearly established right. Plaintiff has not cited any cases decided under a similar fact pattern to avoid dismissal. Plaintiff ignores that the clearly established test requires Plaintiff to cite precedent where "the fact pattern of the prior case [is] 'similar enough to have given "fair and clear warning to officers" about what the law requires.'" *Beck v. Hamblen Cnty., TN*, 969 F.3d 592, 599 (6th Cir. 2020). It is Plaintiff's burden of proof to show that Defendant Hartley is not entitled to qualified immunity. *See v. City of Elyria*, 502 F.3d 484, 491 (6th Cir. 2007) (citing *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991)). Thus, Defendant Hartley is entitled to qualified immunity.

Likewise, Plaintiff does not address the requirements under *Monell* in order to hold the District liable. *Graves v. Mahoning Cty.*, 821 F.3d 772, 776 (6th Cir. 2016); *see also Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiff has not identified a policy or custom connected to the District that caused a particular injury to Plaintiff. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005)).

1

A party's failure to respond to an argument raised in a motion to dismiss results in the forfeiture of that argument. *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 463 (6th Cir. 2019) (citing *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim")).

### 2. *Plaintiff Makes Several Material Factual Misrepresentations to This Court.*

Plaintiff's response is rife with allegations that have no basis in fact. Plaintiff repeatedly, incorrectly, and knowingly identifies non-party Nicole Hartley as a defendant in this case. (ECF No. 41, PageID.1078, 1090).

Plaintiff makes countless conclusory assertions in an attempt to survive summary judgment. (e.g. ECF No. 41, PageID.1079: claiming, without evidence, that Superintendent Hartley threatened to fire Plaintiff, demanded Plaintiff take over the middle school, controlled operations at GU2L, and controlled how Plaintiff "went about doing her job"). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

Moreover, these conclusory assertions are expressly refuted by the record. No individual—including Superintendent Hartley—told Plaintiff she would be running the middle school program. (ECF No. 39-3 at PageID.753-54; ECF No. 39-7 at PageID.781, 783; ECF No. 39-12 at PageID.839). Plaintiff never had any involvement

2

with the middle school program and did not take any steps towards taking it over. (ECF No. 39-2 at PageID.718, 721). There was never any requirement that students or families must waive their IEPs in order to be admitted into the GU2L program. (Id. at PageID. 725; ECF No. 39-3 at PageID.747, 750; ECF No. 39-7 at PageID.787-88; ECF No. 39-12 at PageID.836). As a GU2L Board member, Superintendent Hartley was only able to vote on matters presented to the Board and did not retain any independent authority. (ECF No. 39-3 at PageID.761; ECF No. 39-7 at PageID.783, 786). When Plaintiff was offered health insurance by Mr. Stoody in August of 2022, Mr. Hartley was neither the Superintendent nor on the GU2L Board. (Id. at PageID.781; ECF No. 39-16; ECF No. 39-18). As Executive Director, Mr. Stoody ran GU2L from top to bottom. (ECF No. 39-7 at PageID.782, 785; ECF No. 39-2 at PageID.737). And most importantly, Plaintiff admitted the District was not her employer and had no control over the terms and conditions of her employment. (Id. at PageID.734).

Astoundingly, Plaintiff misrepresents to this Court that Superintendent Hartley was "caught lying under oath about IEP waivers." (ECF No. 41, PageID.1071-72). Plaintiff—really Plaintiff's counsel—claims Superintendent Hartley was shown an affidavit of one Abel Patton during his deposition that alleges she was coerced into waiving her child's IEP in order to enroll them in GU2L. (Id.). In the face of such an affidavit, Plaintiff claims Superintendent Hartley denied such allegations. **Plaintiff's counsel never showed this affidavit to Superintendent Hartley during his deposition**. (See ECF No. 39-3). In fact, this affidavit was never produced during

3

discovery despite it being signed during discovery on December 7, 2024, and Defendants requested copies of all witness statements during the course of discovery.

Federal courts have the inherent authority to sanction bad-faith conduct. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Railway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Withholding material evidence that supports Plaintiff's claim is a sanctionable act of bad faith. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 523 n. 18 (6th Cir. 2002). This exhibit should be stricken from the record and not relied on herein. (ECF No. 41-3). Moreover, the affidavit contains additional exhibits containing inadmissible hearsay of which no exception applies and therefore should also be stricken from the record. FRE 801; 802.

### 3. *None of Plaintiff's Allegations Have Any Basis in Law.*

Plaintiff confusingly spends the bulk of her Response to School Defendants' Motion arguing she has standing to bring her claims. Defendants' Motion did not argue, or even mention, lack of standing. Thus, Plaintiff largely does not address the arguments set forth by Defendants.

    **a. Plaintiff's Self-Serving Testimony Based on Hearsay Does Not Amount to 801(d)(2) Admissions.**

Plaintiff supports her claims that students were not taught by a certified teacher by relying on her own testimony. (ECF No. 41, PageID.1075, 1077). She claims these are 801(d)(2) admissions by Defendants even though Plaintiff cited her knowledge for

4

such claims on hearsay statements. This requires a double hearsay analysis. Plaintiff cannot rely on inadmissible hearsay to withstand summary judgment. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir.2007) ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence ... must be disregarded") (internal quotation and citation omitted).

### b. *Jones* is Good Law and Bars Plaintiff's State Constitution Claim.

Plaintiffs are suing a municipal level of government—a public school district and its employees—**not** the State of Michigan for a violation of the State Constitution. The level of governmental entity is critical as to whether Plaintiff can bring an action under the Michigan Constitution. In *Bauserman v. Unemployment Ins. Agency*, 509 Mich. 673, 708 n. 13 (2022), the Court addressed whether damages remedies were available *against the State of Michigan only* for violations of the State Constitution. In relevant part, the Court found that "money damages are an available remedy for constitutional claims [against the state] **unless**…another branch of government has provided a remedy that we consider adequate." *Id.* at 687 (emphasis added). But Congress has provided a remedy against municipalities that the Court found adequate, 42 USC §1983. *See Jones v. Powell*, 462 Mich. 329, 337 (2000).

### c. *West* Does Not Establish Anger or Displeasure Alone As a Causal Connection.

Plaintiff claims mere subjective "anger" or "displeasure" is enough to satisfy a causal connection to establish retaliation. *West v. Gen. Motors Corp.*, 469 Mich. 177 (2003).

5

While evidence of **clear** anger and displeasure **by an employer** may **suggest** evidence of a causal connection, that alone is not enough. *West* is clear that a plaintiff must show that the defendant "took adverse employment action *because of* plaintiff's protected activity." *Id.* at 185 (emphasis in original). No such causal connection exists here where Plaintiff experienced absolutely no change in her title or job responsibilities.

### 4. *Plaintiff Has Not Shown An Adverse Action or Symbiotic Relationship.*

An employment action must be materially adverse to the employee—that is, it must be more than a mere inconvenience or minor alteration of job responsibilities. *Chen v. Wayne State Univ.*, 284 Mich. App. 172, 201 (2009). The more difficult "constructive discharge" standard has been described as "essentially present[ing] a 'worst case' harassment scenario, harassment ratcheted up to the breaking point." *Penn State Police v. Suders*, 542 U.S. 129, 146-147 (2004). It only occurs when an employer intentionally makes an employee's working conditions "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Easter v. Jeep Corp.*, 750 F2d 520, 522-23 (6th Cir. 1984). "[T]he fact that Plaintiff may have proven a hostile work environment is not enough by itself to prove constructive discharge[.]" *Moore v. KUKA Welding Sys.*, 171 F3d 1073, 1080 (6th Cir. 1999). To demonstrate constructive discharge, "a plaintiff must adduce evidence to show that (1) 'the employer ... deliberately create[d] intolerable working conditions, as perceived by a reasonable person,' (2) the employer did so 'with the intention of forcing the employee to quit,' and (3) 'the employee ... actually quit.'" *Savage v. Gee*, 665 F.3d 732, 739 (6th

6

Cir. 2012) (quoting *Moore*, 171 F.3d at 1080). Plaintiff does not claim her working conditions were intolerable. Plaintiff was not terminated. Instead, she was offered a full insurance package by her employer GU2L that was not equally offered to any other employee. She voluntarily left her employment. Further, Plaintiff has not presented any evidence that either the District or Superintendent Hartley had ***any*** role in her leaving GU2L. Superintendent Hartley had not worked for the District or sat on the Board of GU2L for several months when Plaintiff quit her job.

Plaintiff cannot salvage her claim by alleging a symbiotic relationship existed. She still must establish a genuine issue of material fact that the District "affected or controlled a term, condition, or privilege of [her] employment." *McClements v. Ford Motor Co.*, 473 Mich. 373, 376, opinion corrected on reh'g, 474 Mich. 1201 (2005). Plaintiff admitted the District was not her employer and had no control over the terms and conditions of her employment. (ECF No. 39-2 at PageID.734).

## CONCLUSION

WHEREFORE, Defendants, FENTON AREA PUBLIC SCHOOLS and ADAM HARTLEY, respectfully request that this Honorable Court GRANT their Motion for Summary Judgment, together with any and all other relief this Honorable Court deems fair and just under the circumstances.

DATED: April 17, 2025

s/LINDSAY P. HAZEN
GIARMARCO, MULLINS & HORTON, PC
*Attorney for Defendants, Fenton Area Public Schools and Adam Hartley*

7

**CERTIFICATE OF ELECTRONIC SERVICE**

LINDSAY P. HAZEN states that on April 17, 2025, she did serve a copy of **Defendants Fenton Area Public Schools and Adam Hartley's Reply in Support of their Motion for Summary Judgment** via the United States District Court electronic transmission on the aforementioned date.

> s/LINDSAY P. HAZEN
> GIARMARCO, MULLINS & HORTON, PC
> *Attorney for Defendants, Fenton Area Public*
> *Schools and Adam Hartley*
> 101 W. Big Beaver Road, 10th Floor
> Troy, MI 48084-5280
> (248) 457-7047
> lhazen@gmhlaw.com
> P85861